UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SARAH RICHARDS BUCK, ET AL                    CIVIL ACTION

                                              NO: 05-2986

VERSUS

DEUTSCHE BANK NATIONAL TRUST                  SECTION: "R" (1)
COMPANY AS TRUSTEE FOR LONG
BEACH MORTGAGE LOAN TRUST
2003-2, ET AL

**ORDER**

    Before the Court is plaintiffs' motion for a preliminary injunction against defendants Deutsche Bank National Trust Company, Washington Mutual Bank and Long Beach Mortgage Company and defendants' request for sanctions against plaintiffs.  For the following reasons, the Court DENIES both motions.


**I.   BACKGROUND**

    On February 14, 2003, plaintiff Sarah Buck entered into a promissory note with Long Beach Mortgage Loan Trust in the amount of $346,500.  The note was secured by a mortgage on immovable property owned by Buck at 19213 Highway 25, Franklinton, Louisiana.

    Buck defaulted on the note payments some time thereafter and

Deutsche Bank, the trustee of the trust holding the mortgage, filed an Executory Proceeding to seize and sell the property.  On August 25, 2004, the Sheriff of Washington Parish sold the property at auction to Deutsche Bank.  Buck did not take any legal action prior to the sale of the property.

After the property was sold and Deutsche Bank commenced eviction proceedings, Buck commenced both state and federal litigation intended to enjoin the eviction.  Buck asked the state court to grant a temporary restraining order or preliminary injunction to prevent her eviction, alleging that the sheriff's sale was "illegal."  She also alleged "premeditated violations of the Truth-In-Lending and FTC Acts, illegal loan flipping, chilling effect doctrine in which the defendant(s) manipulated petitioners concerning their rights in this action, sexual discrimination, etc."  Def.'s Opp. to P.'s Mot. for Prelim. Inj. and Request for Sanctions, Ex. A.  Her request for a temporary restraining order was apparently granted, but her requested preliminary injunction was ultimately denied in March 2005.  *Id.* at Ex. B.  She asked the state court for another preliminary injunction in July of 2005 and was again denied.  *Id.* at Ex. C. In August 2005, she filed a "Motion for Voluntary Dismissal" asking the court to dismiss her state claims "with prejudice."  The court granted this motion and her claims were dismissed with prejudice on August 18, 2005.  *Id.* at Ex. E, F.

In this Court, Buck's earlier motion for a temporary restraining order was denied.  Buck then moved for a preliminary injunction to prevent Deutsche Bank from proceeding with the eviction.  For the following reasons, this Court denies Buck's motion.

## II.  DISCUSSION

A. Legal Standard

A preliminary injunction is an extraordinary remedy that should be treated as the exception, rather than the rule. *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985).  A preliminary injunction should not be granted unless the movant demonstrates by a clear showing: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened injury outweighs any potential harm to the non-movant; and (4) that the injunction will not undermine the public interest.  *See Valley v. Rapides Parish Sch. Bd.*, 118 F.3d 1047, 1051 (5th Cir. 1997); *see also Ingebresten v. Jackson Public Sch. Dist.*, 88 F.3d 274, 278 (5th Cir. 1996); *Doe v. Duncanville Indep. Sch. Dist.*, 994 F.2d 160, 163 (5th Cir. 1993); *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985).  The movant must satisfy all four factors; a failure to satisfy even one of the four factors requires a denial

of the preliminary injunction.  *Mississippi Power*, 760 F.2d at
621.

   B. Analysis

      *(1) Success on the merits*

    To determine whether the plaintiff has clearly shown a
substantial likelihood of success on the merits, the Court turns
to the facts and law underlying the plaintiff's claim for
injunctive relief.  In her First Amended Complaint, Buck alleges
that the original loan was "illegal, fatally flawed, [and]
fraudulent."  Pl.'s First Am. Compl. ¶ 5.  In support of this
claim, plaintiff points to the Louisiana Civil Code Article
defining fraud.  *Id.* at ¶ 15.  She also alleges the Deutsche Bank
has violated the Securities and Exchange Act, again via fraud.
*Id.* at ¶ 16.  Buck alleges that the seizure of her home was
"wrongful" because it was not preceded by a "Final Judgment" from
the state court.  *Id.* at ¶ 17.  Finally, she states that she has
been "stripped of her Constitutional rights to an appeal," though
it is unclear against whom this claim is alleged.  *Id.*  The
factual basis of Buck's claims appears to be that she was the
victim of a loan that the lender knew she could never repay.

    To support these claims, Buck relies on the possibility that
an underwriter mistakenly checked a box stating that her home had
not been transferred or sold in the 12 months preceding the
underwriter's appraisal.  *Id.* at ¶ 9.  Buck also points to

4

another report prepared by defendant Washington Mutual which
states "Yes" next to the term "Non Owner Occupied." *Id.* at ¶ 9,
Ex. A2.  Buck alleges that these facts demonstrate defendants'
"predatory intent." *Id.*  Buck also points to a series of
documents, all of which she signed, which purportedly show a
"predatory and malicious intent" on the part of the defendants to
approve her loan, given that she signed three documents - a
"Uniform Residential Application," a document allowing for a
first payment due date within 30 days of the loan closing, and a
"Request for Tax Information" - on the same day.  *Id.* at ¶ 10.

　　　Defendants argue that all of these claims are barred by the
doctrine of res judicata by virtue of the multiple state court
actions in this matter.  Alternatively, they argue that Buck
waived her defenses and objections by allowing the seizure and
executory sale of her home to go uncontested.

　　　　　　　a. Louisiana's Res Judicata Statute

　　　 Louisiana's res judicata statute, LA. REV. STAT. § 13:4231,
provides in relevant part:

> Except as otherwise provided by law, a valid and final
> judgment is conclusive between the same parties, except
> on appeal or other direct review, to the following
> extent:
>
> 　. . . .
>
> (2) If the judgment is in favor of the defendant, all
> causes of action existing at the time of final judgment
> arising out of the transaction or occurrence that is
> the subject matter of the litigation are extinguished
> and the judgment bars a subsequent action on those

causes of action.

For purposes of res judicata, a valid judgment is one rendered by a court with jurisdiction over both the subject matter and the parties after proper notice was given. LA. REV. STAT. § 13:4231, cmt.(d) (1990). Likewise, for purposes of LA. REV. STAT. § 13:4231, a final judgment is one that disposes of the merits in whole or in part and would bar any action filed thereafter unless the judgment is reversed on appeal. *Id.* Under LA. CODE CIV. P. § 1673, a dismissal with prejudice has the same effect as a final judgment of absolute dismissal after trial.

The parties to this action are the same as those in the state action.

Since the voluntary dismissal with prejudice was clearly "favorable to the defendant[s]," it extinguished all claims against them which existed at that time. Buck filed the action before the Court prior to her voluntary dismissal of her state court action, so the causes of action pursued here existed at the time of final judgment.

Comment (a) to the statute explains that any actions arising from the same occurrence which was the subject matter of the prior litigation are barred. LA. REV. STAT. § 13:4231, cmt.(a) (1990). Here, the occurrence is in both cases the loan granted to Buck and the subsequent default, foreclosure, and sale. Buck's claims of fraud arise from this occurrence, as did the

6

various allegations in her state court action.

Given the strong arguments in favor of finding this action barred by res judicata, the Court does not find a likelihood of success on the merits of Buck's claim.  Buck's request for a preliminary injunction must therefore be denied.

**III. REQUEST FOR SANCTIONS**

Defendant asks that this court impose sanctions against Buck under 28 U.S.C. § 1927 for vexatiously multiplying these proceedings.  While sanctions may be imposed against *pro se* litigants such as Buck, they typically are only imposed in unusual circumstances, where the litigant is experienced, demonstrably malicious, or both.  *See Overton v. United States*, 2004 WL 1005577, at *5 (W.D. Tex. 2004) (threatening sanctions if a pro se litigant who had filed at least 10 claims challenging his taxes did not comply with an order to cease filing claims); *Day v. Amoco Chemicals Corp.,* 595 F.Supp. 1120, 1121-22 (S.D. Tex.1984); *Castro v. United States,* 584 F.Supp 252, 265 (D.P.R. 1984).

While a number of actions have been filed in state and federal court in this matter, the Court does not find sufficient bad faith on the part of Buck to warrant an imposition of sanctions.  The Court puts Buck on notice, however, that if she files further pleadings on this same series of events, the Court

will not hesitate to impose whatever sanctions are appropriate.

**IV.  CONCLUSION**

For the reasons stated above, plaintiff's motion for a preliminary injunction is DENIED and defendant's request for sanctions is DENIED.


New Orleans, Louisiana, this __5th__ day of December, 2005.


_____

                    SARAH S. VANCE
          UNITED STATES DISTRICT JUDGE

8