UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


SARAH RICHARDS BUCK, ET AL                CIVIL ACTION

                                           NO: 05-2986
VERSUS


DEUTSCHE BANK NATIONAL TRUST              SECTION: "R" (1)
COMPANY AS TRUSTEE FOR LONG
BEACH MORTGAGE LOAN TRUST
2003-2, ET AL


### ORDER

Before the Court is defendant's motion to dismiss plaintiffs' claims for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Plaintiffs have not filed any opposition to the motion.  For the following reasons, the Court GRANTS defendants' motion.


### I.  BACKGROUND

On February 14, 2003, plaintiff Sarah Buck entered into a promissory note with Long Beach Mortgage Loan Trust in the amount of $346,500.  The note was secured by a mortgage on immovable property owned by Buck at 19213 Highway 25, Franklinton, Louisiana.

Buck defaulted on the note payments, and Deutsche Bank, the trustee of the trust holding the mortgage, filed an Executory Proceeding to seize and sell the property. On August 25, 2004, the Sheriff of Washington Parish sold the property at auction to Deutsche Bank. Buck did not take any legal action before the sale of the property.

After the property was sold and Deutsche Bank commenced eviction proceedings, Buck filed suit in state court. Buck asked the state court to grant a temporary restraining order or preliminary injunction to prevent her eviction, alleging that the sheriff's sale was "illegal." Her request for a temporary restraining order was apparently granted, but her requested preliminary injunction was ultimately denied in March 2005. She asked the state court for another preliminary injunction in July of 2005 and was again denied. In August 2005, she filed a "Motion for Voluntary Dismissal" asking the court to dismiss her state claims "with prejudice." The court granted this motion and her claims were dismissed with prejudice on August 18, 2005.

Buck filed suit in this Court on July 15, 2005, while her state claims were still pending. She added her husband and their minor children as co-plaintiffs. This Court denied Buck's initial motion for a temporary restraining order on July 18, 2005. Buck then moved for a preliminary injunction to prevent Deutsche Bank from proceeding with the eviction. The Court

denied that motion on December 5, 2005.  Buck again moved for a temporary restraining order as well as relief from the state court's judgment, and the Court denied the motion on January 5, 2006.  Defendants now move for dismissal of Buck's claims.

**II.  DISCUSSION**

    **A.   Motion to Dismiss Under 12(b)(6)**

In a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff.  *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *American Waste & Pollution Control Co. v. Browning-Ferris, Inc.*, 949 F.2d 1384, 1386 (5th Cir. 1991).  The Court must resolve doubts as to the sufficiency of the claim in plaintiff's favor.  *Vulcan Materials Company v. City of Tehuacana*, 238 F.3d 382, 387 (5th Cir. 2001).  Dismissal is warranted if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief.  *Id.*; *Piotrowski v. City of Houston*, 51 F.3d 512, 514 (5th Cir. 1995) (quoting *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994).

    **B. Analysis**

Buck alleges that the original loan from Long Beach was "illegal, fatally flawed, [and] fraudulent."  Pl.'s First Am.

Compl. ¶ 5.  In support of this claim, she points to the Louisiana Civil Code Article defining fraud.  *Id.* at ¶ 15.  She also alleges the Deutsche Bank has violated the Securities and Exchange Act, again via fraud.  *Id.* at ¶ 16.  Buck alleges that the seizure of her home was "wrongful" because it was not preceded by a "Final Judgment" from the state court.  *Id.* at ¶ 17.  Finally, she states that she has been "stripped of her Constitutional rights to an appeal," though it is unclear against whom this claim is alleged.  *Id.*  The factual basis of Buck's claims appears to be that she was the victim of a loan that the lender knew she could never repay.

To support these claims, Buck relies on the possibility that an underwriter mistakenly checked a box stating that her home had not been transferred or sold in the 12 months preceding the underwriter's appraisal.  *Id.* at ¶ 9.  Buck also points to another report prepared by defendant Washington Mutual which states "Yes" next to the term "Non Owner Occupied."  *Id.* at ¶ 9, Ex. A2.  Buck alleges that these facts demonstrate defendants' "predatory intent."  *Id.*  Buck also points to a series of documents, all of which she signed, which purportedly show a "predatory and malicious intent" on the part of the defendants to approve her loan, given that she signed three documents - a "Uniform Residential Application," a document allowing for a first payment due date within 30 days of the loan closing, and a

4

"Request for Tax Information" - on the same day. *Id.* at ¶ 10.

Defendants argue that all of these claims are barred by the doctrine of res judicata by virtue of the preceding state court action. They assert that because her claims are barred, Buck fails to state a claim upon which relief may be granted.

"Res judicata principles of the rendering state control the preclusive effect given to a judgment by a federal court." *Steph v. Scott*, 840 F.2d 267, 270 (5th Cir. 1988) (*citing* 28 U.S.C. § 1738). Louisiana's res judicata statute, La. Rev. Stat. § 13:4231, provides in relevant part:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> . . . .
>
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

"Pursuant to this statute, then, a second action is precluded when all of the following criteria are satisfied: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was

the subject matter of the first litigation." *Wooley v. State Farm Fire and Cas. Ins. Co.*, 893 So.2d 746, 771 (La. 2005).

For purposes of res judicata, a valid judgment is one rendered by a court with jurisdiction over both the subject matter and the parties after proper notice was given. La. Rev. Stat. § 13:4231, cmt.(d) (1990). There is no question that the Louisiana court properly had jurisdiction over Buck's claims.

For the purposes of La. Rev. Stat. § 13:4231, a final judgment is one that disposes of the merits in whole or in part and would bar any action filed thereafter unless the judgment is reversed on appeal. La. Rev. Stat. § 13:4231, cmt.(d) (1990). Under La. Code Civ. P. § 1673, a dismissal with prejudice has the same effect as a final judgment of absolute dismissal after trial. Buck's voluntary dismissal of her claims with prejudice thus resulted in a final judgment.

Though Buck added her family members as additional plaintiffs in this action, that change does not effect the application of res judicata. When one party's interests were adequately represented by a second party to an earlier action who may be considered the first party's virtual representative because their interests are closely aligned, the presence of the first party in later litigation does not disrupt the res judicata analysis. *Forum for Equality, PAC v. McKeithen*, 893 So. 2d 738, 745 (La. 2005). The Court finds that the interests of Buck's

6

family members are closely aligned with hers, such that she could be considered their virtual representative for the purpose of res judicata analysis.

Since the voluntary dismissal with prejudice was clearly "favorable to the defendant[s]," the dismissal extinguished all claims against them that existed at that time.  Buck filed the present action before she voluntarily dismissed her state court action, so the causes of action pled here existed at the time of final judgment.

Comment (a) to La. Rev. Stat. § 13:4231 explains that any actions arising from the same occurrence that was the subject matter of the prior litigation are barred.  La. Rev. Stat. § 13:4231, cmt.(a) (1990).  Here, the relevant occurrence in both cases is the loan granted to Buck and the subsequent default, foreclosure, and sale.  Buck's claims of fraud arise from this occurrence, as did the various allegations in her state court action.

The Court thus finds that Buck's claim is barred by res judicata based on the disposition of her earlier state court action.  Consequently, the Court may not grant her any relief and her claims must be dismissed.

**III. CONCLUSION**

For the reasons stated above, defendants' motion for

dismissal of all of plaintiffs' claims is GRANTED and plaintiffs' claims are hereby DISMISSED.

New Orleans, Louisiana, this __12th__ day of July, 2006.

_____*Sarah Vance*_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE